Next case is the National Organization of Veterans Advocates for Assistant Secretary of Veterans Affairs 2015-7-024. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of the National Organization of Veterans Advocates. This is a rulemaking challenge concerning the implementation of the statutory provisions of 38 U.S.C. 5121 A, which involves the process for the substitution of an appellant in a pending matter before the VA. Congress created this statute with the clear and unambiguous intent of eliminating what Congress perceived as unnecessary administrative hurdles that existed under the prior process. But Mr. Carpenter, what in the regulation is inconsistent with the statute? There are two provisions. The first appears at 38 CFR 3.1010 C and D, and the second appears at 38 CFR 20.1302 and 20.900 A 2. In the Section 3 provisions, they deal with the requirement that all individuals seeking to be substituted must be qualified by the VA. We have no problem with dependents being qualified. It is the relationship between the qualification for persons who have already been qualified as dependents by the VA, and in particular, the provisions at Part 20, which require first that the VA dismiss an appeal, and second provides that the matter will be that these individuals have already been qualified. There are, in fact, two classes of dependents under the VA system. Dependents who are recognized as dependents. But the statute doesn't say except for those previously qualified. No, it does not, Your Honor. The question here is. There's no inconsistency. With respect, there is, Your Honor. The inconsistency is that because there is a recognized class by both statute and procedure in which the VA recognizes dependents prior to the veteran's death, in those circumstances with veterans who are receiving compensation or pension, for compensation purposes, they have to be rated at least 30% for their service-connected disability or disabilities, and then their dependents are qualified by the VA to enhance the amount of compensation. As a consequence, this class of dependents is already known to the VA. Under the regulatory scheme that has been created by these new regulations, the VA imposes. But dependency changes from time to time, doesn't it? Or can it not? Certainly, Your Honor. And the only thing that's relevant is dependency at time of death. And those dependents are identified within the system because those dependents will be, excuse me, the veteran will have been receiving additional compensation in the form of service-connected compensation or pension because of those identified dependents. Those dependents are not going to vary at time of death. They're going to be exactly the same individuals. And the VA knows that within its system because the VA is paying additional amounts of compensation. They're paying, but it's always possible that there has been some event, such as a remarriage or whatever, that has changed the dependency status of the previous dependents but hasn't been reported to the VA. But with respect, Your Honor, the lack of reporting to the VA is not relevant to whether or not that dependent relationship existed at time of death. No, no. But it may be that, for example, take the following case. And I'm not sure exactly how this would work out in practice. But just generically, someone is getting compensation that includes compensation for dependents. A year before that person's death, the previous dependent is now no longer a dependent. But the recipient of the check doesn't report the change in status to the VA so that at the time of death, the VA, according to its records, shows that person's a dependent. But in fact, that person isn't. And if the VA looks again, the VA sees that, aha, this person is not a dependent at the time of death. Isn't that at least a plausible scenario? No, it is not, Your Honor. We have. Well, go ahead. Because the ineligibility of a dependent isn't the criteria. It is the eligibility of the dependent. Well, but if the eligibility of the dependent turns into ineligibility prior to the death of the veteran but isn't reported, wouldn't that create this scenario? No, Your Honor. That person would be ineligible to be substituted. Well, that's right, but the VA wouldn't know that. In other words, if the VA is presuming that the veteran has reported and would have reported in 100% of the cases a change in dependency status and therefore they don't ask at the time of the veteran's death, that person continues to receive the benefits that would have been paid to the veteran, right? Well, in the first place, Your Honor, these benefits are all paid to the veteran. They are not paid to the dependent. In Social Security, dependent... Well, after the veteran dies, the continuing benefits go to the... the accrued benefit, I guess, goes to the survivor, right? Well, not necessarily, Your Honor. But that's why the survivor's in the case, to try to get some benefit from the veteran's claims. There are two different categories of benefits. There are benefits that are derived based upon an appeal that is pending for the veteran, which is normally referred to as accrued benefits. But dependency benefits are independent benefits based upon either a service-connected cause of death or based upon a veteran being totally disabled. Those benefits are separately applied for by the dependent with a separate application form. This process allows the qualifying dependent to step into the shoes of the appellant. And the question here is the delay in the process by trying to... by delaying the determination of a fact that has already been determined. To take your example, for instance, in what NOVA is proposing is the invalidity of this regulation. If the regulation recognized this distinction, and in their form they said, identify whether you have been previously recognized by the VA as a dependent, the VA simply needs to check that off. They either are or they aren't. There is no disruption, particularly in terms of appeals pending before the board. There is no need for the... Page, I'm sorry to interrupt you, but this question is relevant to what you're talking about. In your blue brief at page 13, footnote 3, you say that when a child reaches majority or there's death or divorce or remarriage, dependents are removed or added. What I want to know is how is this information updated and is there ever a delay in updating that information? There is not supposed to be a delay. There are, in my experience, occasions when there are in fact delays. And why are there delays? Because the veteran does not make that report. But you see, Your Honor, what we're talking about here is whether or not the individual would be qualified to be substituted. If that child becomes an adult, they are disqualified from dependent status. Could that be why the statute specifically says that any person who wants to be substituted has to provide evidence? Well, I don't believe so, Your Honor, because the evidence of dependency is the trigger. You either have the status, you are either a qualified dependent, and there are three classes of qualified dependents. Surviving spouses, dependent parents, and minor or dependent children. And the reason that I make the distinction is that you can be a disabled adult child if you become incapacitated prior to the age of 18. So there's a kind of gray area there for children. But that status is definitive. There isn't any ambiguity about that status. And that status either exists at death or it doesn't. And the best information for that, for existing dependent determinations, is whether or not the VA, in the month that the veteran died, was or wasn't paying additional compensation for those dependents. What if that information, and this is something that Judge Bryson already asked, but what if that information hasn't been updated and therefore it's incorrect at the time of the veteran's death? If it was not updated and that information were incorrect, that incorrectness would only go to a lack of eligibility. Not for eligibility. And therefore, because they lack eligibility, they would no longer be entitled to be substituted. What we're talking about here is the process of substitution and the delay in that process of substitution. How would the board ever find out that there was a lack of eligibility if they didn't have the evidence before them? If all they had was the old evidence, the old record that had been submitted. Because that record is correct unless and until the VA determines otherwise. In other words, what I'm saying is we as advocates are always placed at a disadvantage with the VA because we're told that the VA has the presumption of regularity. The presumption of regularity in this case is that if the VA record says that the veteran has dependents of a wife and three children, then the veteran has a wife and three children until that presumption is rebutted. Once that presumption is rebutted, those individuals are disqualified and they would be disqualified from being substituted. That is the barrier that the VA wishes to erect here to justify a delay for the substitution of individuals that they already know, that they already have documented are qualified dependents. In your brief, you say that the Secretary took six years to promulgate these regulations. They did. What was the practice during those six years with respect to this? For the first several years, it was no practice. No substitutions were being permitted. Eventually, the VA drafted what they call a fast letter, which was a VA explanation as to how they would do this. Many of the things that are in the regulations were in that fast letter. When they promulgated the regulations, they took some out. They added some other ones. Congress directed them to implement regulations. NOVA brought a cause of action in this court to compel them to do that. Mr. Coppenter, I assume you wish to say your rebuttal time? Thank you. Ms. Hossford. May it please the Court. The regulations promulgated by VA to implement Section 5121A are both consistent with the statute and are not arbitrary and capricious. They are eminently reasonable regulations. With respect to the requirement that dependents seeking to substitute submit evidence, the Court has already covered this in detail, but I'll just reiterate that as the VA noted in its final rule, the evidence before the VA is not always accurate and up to date. Oftentimes, it's possible that a child, for instance, who would be entitled to dependency benefits because he or she is a college student is no longer a college student, but the claimant or the veteran never updated the record before his death. Is it your view that even aside from these hypothetical problems or inconsistencies, the regulation tracks the statute and is therefore valid? Yes, the statute says that the person seeking to substitute shall present evidence of eligibility within one year after the veteran's death. However, even assuming there was even a hint of ambiguity in the statute, the regulation is itself reasonable. Petitioner's counsel said something about, well, we have to presume the regularity of the VA's finding of dependency. I think he has that backwards. What we're talking about is information that's submitted by the veteran, not the agency's actions or procedures. Here, if the veteran did not update the information yearly and there is no annual reporting requirement on the veteran once dependency status is determined for purposes of his getting additional compensation when his rating is over 30%, then it's entirely possible that the veteran never updated the information. In fact, VA often has to handle overpayment claims for that very reason because the veteran didn't. There's no presumption of regularity that applies to the veteran's obligation to submit evidence in support of the dependency of his wife or his children. Is there a process when the decedent survivors make an application? What weight is given to the assertion, let's say, of the spouse who may have lost the wedding certificate from 50 years ago? What weight is given and what procedure is followed in a case like that to the spouse's statement that we've been married for 50 years? The application really requires the spouse to state an affidavit. She presents an affidavit.  The death that must be filed when the veteran dies lists the wife as the spouse. Oftentimes, that's all that's needed. Is there any kind of regulatory provision that speaks to what degree of evidence? I could imagine, for example, that there could be a demand for evidence that very few people would be able to come up with. Prove that you are the surviving son of these two people that don't have my birth certificate. It's not so easy to do. Is there a regulatory provision that addresses this question of degree of proof? I don't think that there's a floor of information that must be submitted. What happens is the person files the request to substitute. The agency looks at it. If the agency decides that further information is needed or that there are questions that need to be answered, they will go back to the putative substitute. However, there's no requirement that if the substitute is unable to find the evidence or otherwise has trouble with it that they won't still be able to substitute in the absence of conflicting evidence. This is not a gotcha type situation. It's just that the agency wants to be in a position consistent with the statute of knowing that the person who has filed the request to substitute is eligible under, I think it's 3.1000A1-5. My understanding is that the person will not be deemed ineligible to substitute if the evidence is no longer available unless there are competing claims. You could have a former wife, a present wife, and that sort of thing. That isn't embodied in any regulatory provision that you have? Not to my knowledge. But that's just the practice as you understand it. Yes. I think the practice, if you look at JA1 of the appendix, you'll see that the form is very simple. The person seeking to substitute merely needs to state their relationship to the decedent, and then it's up to the agency to get back to them if they feel further evidence is required. That procedure has been in place since the time that the proposed rule was put in place. Once a substitution takes place and a case goes back to the board, what does it mean that the case is put in the same position in mind or same place that it was before? Does the substitute party have to resubmit the papers that have been submitted? How does that work? They do not. What happens is when the court receives notice that the veteran has died, the whole file is sent back to the agency of the original jurisdiction where the substitution issue can be resolved. Then the entire file is sent back to the board, and wherever the board was in processing that file before it was sent for the substitution decision is where it is when it's sent back. Depending on what place you are in the process, where the veteran is in the process, you'll get that same exact place. If it was just a month after filing and the board was merely just gathering the record together and trying to figure out what's the next step, that would be where you were. If you were two years into the process and the board was thinking about setting a hearing, then you'd get that place back. If the board was very close to decision, then you'd be at that point as well. Petitioner's counsel didn't spend any time on this, but I will just briefly touch on the issue of whether or not the board could itself make the determination as to whether a dependent is an eligible substitute. If the board were to make that decision, it would deprive that dependent of their right under 38 U.S.C. 7104 to appeal that decision to the board. The board can't review its own decisions, but if the inquiry is sent back to the agency of original jurisdiction, then if the putative substitute is unhappy with the decision, they will have their one review on appeal to the board. In their brief, petitioners make reference to a very narrow exception to that rule that applies when there's an issue that's already on appeal to the board and the claimant waives their right to one review on appeal for the sole purpose of putting additional evidence on an issue that's already been resolved by the agency of original jurisdiction. Here, the agency of original jurisdiction has never decided whether this dependent is an eligible substitute. Therefore, the process that the agency has put into place where all cases are dismissed and sent back is a reasonable one and it's consistent with the statute and also protects the substitutes to a certain extent. The issue came up as to the relationship between Chevron and Gardner. We've taken a couple of runs at that issue. I'm not sure we have any global view as to that question. What is the government's position with respect to what role Chevron plays or maybe the way to look at it is what role Gardner plays in the Chevron world? I think the government's position is consistent with the position this court has taken in Guerra and Sursley and some of those other cases that the pro-veteran canon of construction comes into play only when all of the Chevron analysis has already been exhausted. But doesn't that mean ultimately that at least in the context of regulatory, deciding whether a regulation is consistent with the statute, that Gardner really has no role at all? It seems to me that the whole purpose of Chevron is to, in effect, take the place of ambiguity as to the meaning of a statute by substituting the agency's judgment if it's reasonable for the court's effort to resolve the ambiguity. If substituting the agency's judgment is the right way to go, then that would seem to me to mean that if you apply Chevron loyally, you will always come to the conclusion that there is a proper construction. It's a construction reasonably given by the agency, and therefore Gardner would have no role. Is that right? That is not right. Okay. Where is the role of Gardner? There will be cases where when applying Chevron deference, step one and step two is really what we're talking about here, where you come down to a case where it's a very close case, where it could be said that the VA's position was reasonable, but that also the veteran has offered an equally reasonable interpretation. Although deference obviously is owed the agency, it's such a close case that the case would tip in favor. The closeness of the case would be with respect to the question of the unreasonableness or reasonableness of the agency's construction. If I came to the conclusion that I think this agency's construction might be reasonable but it's so far out toward the edge that it might also be unreasonable, then in that situation and that situation alone, I would apply Gardner. That would be one situation. But presumably if I didn't have Gardner, I would have to choose one or the other. That is true. Because these decisions are determined. You have to choose one or the other. But since I'm choosing one or the other, because even though I think they're close, one is a little better than the other, it's hard for me to see where there really is equipoise. What you're saying is in a hypothetical situation there might be equipoise, but other than that, Gardner really has no role in this setting, right? We would not take the position that Gardner has no role. It's a pretty small role. Would you agree with that? The court has applied it. In the way the court has applied it, it has a small role. Okay. Thank you. Thank you. Mr. Coppinder has a little time to rebut. Judge Bryson, to answer your question relative to the degree of evidence, I direct the court's attention to the application form which the government has conceded has not been changed since the adoption of this regulation, which is at JA1 and 2. If you look at JA2 under the instructions, there is no reference to the submission of any evidence. So all you do is complete this form and you don't submit evidence. Yet there is a regulation that says we need to do this in order for you to submit evidence to us. Well, but presumably the form is itself evidence, right? Because the form is a representation by the parties. And there is simply a declaration as to the relationship of the deceased. But that's evidence, right? Well, Your Honor, is it evidence that is necessary to delay the process? We're talking about a process here in which an appeal that is pending before what is supposed to be an independent de novo review of an appeal of the decision of the secretary is delayed. It is in fact dismissed until such time as there is a determination. If the only evidence is a declaration that this person is the spouse, why can that declaration not be made directly to the board? And the board simply pull up the veteran's file, it's all electronic now, and they are either recognized as the spouse or they're not recognized as the spouse. Let's take something like the child that was in college but may have dropped out of college. Presumably the form would require the child to indicate whether they're eligible or not, right? All it says is relationship. All that would be required is I am the son or daughter of the veteran. It actually says I am eligible to receive accrued benefits due to the deceased claimant and I am eligible to substitute under Section 5121A. And that is a representation that they qualify as opposed to are not qualified under the statute. But presumably there would be some people that would say, oops, I can't sign this because I'm out of college. I happen to know because I've studied the matter in law school or whatever. I happen to know that I'm not qualified under the statute. But that would be a case in which the failure to file the form would correctly pick up someone who's not qualified to be receiving benefits who would otherwise be getting benefits if you just looked at the fact that they previously received benefits, right? No, Your Honor. You understand what I'm saying, right? No, I do not. Because you're suggesting a process that does not exist. There is no inquiry made as you're suggesting about the status of a non-qualifying adult child. Well, I'm positing a situation in which I, having knowledge that if I drop out of college, I'm not going to get benefits. I know that. I drop out of college and then this form comes to me after my father dies and it says to me, are you qualified to receive benefits? Now, if I sign the form, I'm not going to sign the form because I know I'm not qualified to receive the benefits, right? No, no. See, I think that's an important distinction here. It's not a question of being qualified to receive benefits. It's qualified to be substituted. I understand. I misspoke when I said receive benefits. To be substituted to get the benefits, the accrued benefits of the veteran. I understand. Okay. But I'm still going, this is a filter, right? My refusal to file this form means I don't get substituted and that's right. I shouldn't be substituted because I'm no longer qualified to be substituted. Okay. Whereas, if the VA simply looked at the file, they wouldn't know that I dropped out of college and then I could be substituted. But with all due respect, Your Honor, that hypothetical is premised upon protecting the VA against some hypothetical threat to an applicant making an application for benefits to which they're not entitled. What we're talking about in substitution is the right of a qualified survivor to step into the shoes of the veteran and continue the appeal without delay. It is the delay that is attendant to taking an appeal that's pending before the board under the directions of these regulations, dismissing that appeal and having a new administrative process undertaken before the agency, before that appeal can continue. When on their application, all they ask for is a declaration that they have a relationship to the deceased and there is a statement, as Judge Stahl referred to, that indicates that they are eligible to be substituted. If they are later determined not to be eligible to be substituted, that process of having been substituted is nullified. What we're talking about here are that class of individuals who have already been qualified by the VA and that is predominantly surviving spouses. It is not... Final thoughts, Mr. Carpenter? Just one comment on the Gardner versus Chevron distinction. Clearly it is the petitioner's view that Gardner has a role and should have a different role when we're talking about a rulemaking challenge than for an existing regulation that has already passed the rulemaking threshold and therefore Gardner should apply in the first instance. Thank you. Thank you, Mr. Carpenter. We'll take the case under advisement.